UNITED STATES, Appellee

v

STANLEY H. KING, Private, U. S. Marine Corps, Appellant

8 USCMA 392, 24 CMR 202

No. 9762

Decided November 8, 1957

*Commander David Bolton,* USN, argued the cause for Appellant, Accused.

*First Lieutenant Daniel P. Reardon, Jr.,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Commander Guilbert W. Martin,* USN.

HOMER FERGUSON, Judge:

We granted review in this case, limiting briefs and arguments to the following issue:

"Whether the pretrial advice (Article 34) and the post-trial review (Article 61) by the 'Assistant Legal Officer' is authorized under the Code."

In view of the limited scope of the issue granted, it is unnecessary to set forth the facts developed at trial. It is sufficient to note that the accused was convicted by general court-martial of several offenses under the Uniform Code of Military Justice and sentenced to a punitive discharge, total forfeitures, and confinement at hard labor for two years. The findings and sentence were approved by the convening authority and subsequently affirmed without modification by a board of review.

Prior to the filing of briefs, appellate defense counsel moved for leave to file instanter, certain appellate exhibits. The Government opposed this motion on three grounds. Firstly, they contended that the matter contained in the exhibits was irrelevant and immaterial. Secondly, they urged that the inclusion of the exhibits in the record of trial constituted an attempt to relegate the Court "to the role of a trial forum." Their final assault on the motion rested on the contention that the matter contained in the exhibits had not been considered or passed upon "by the triers of fact, the convening authority, or a board of review." We denied the motion without prejudice to the appellant's right to renew and argue the same at the time the case was called for oral argument. When the case came on for hearing, appellate defense counsel renewed his motion which was not opposed by the Government.

In United States v Roberts, 7 USCMA 322, 22 CMR 112, we said that we would review matter outside the record of trial which concerns either the question of insanity or jurisdiction or which amounts to a supplementary or additional designation of the record. We defined the latter category as matter which involves:

" . . . some procedure or occurrence which ordinarily would be included in the record of trial and other proceedings that come before this Court for review but which is missing therefrom by way of mistake, inadvertence, or otherwise. In this latter category the only question involved is whether such occurrence in fact took place. If so, and if pertinent, it is entitled to be made part of the record of the proceedings before this Court. There may of course be circumstances where—when such a correction is made for the first time at this level—we will return the entire record for primary decision at the appropriate level. Nevertheless civil courts generally and the Federal courts in particular provide the necessary measures to insure that a complete and correct record is before the appellate court. See Rule 75 (h) of the Federal Rules of Civil Procedure, which also applies to the Federal Rules of Criminal Procedure (Rule 39). This does not mean that we are not fully aware of and in complete accord with the function provided for by a Certificate of Correction (paragraph 86c, Manual for Courts-Martial, United States, 1951). But the use of such certificate appears to be permissive in nature, merely one method of correcting a record, not the exclusive means. United States v Self, 3 USCMA 568, 13 CMR 124."

We believe the exhibits filed on behalf of the accused in the instant case fall within this last category and may be considered by this Court. The appellant's motion is therefore granted.

Both the pretrial advice and the post-trial review in the instant case were prepared by a Major L, who signed both documents as "Assistant Legal Officer." The appellate exhibits filed on behalf of the accused revealed that a Major B was the "normal legal officer" of the command. It further disclosed that Major L had been designated by the convening authority as legal officer with respect to the instant case. The reason for the designation was that Major B—who had been certified in accordance with Arti-

cle 26(a), Uniform Code of Military Justice, 10 USC § 826(a)—had been appointed law officer in the case.[1] Major L, on the other hand, had only been certified for duties as trial or defense counsel in accordance with Article 27(b) of the Code, 10 USC § 827(b).[2]

The appellant's chief contention is that the Code expressly places upon a staff judge advocate or legal officer the duties of formulating the pretrial advice and the post-trial review and that such duties are nondelegable. Article 34 of the Uniform Code, 10 USC § 834, requires the convening authority to refer charges to a staff judge advocate or legal officer, "for consideration and advice" prior to directing trial of any charge by general court-martial.[3] Article 61, 10 USC § 861, directs the convening authority to refer the record of every general court-martial to a staff judge advocate or legal officer for his "written opinion."[4] Neither of these Articles make any mention of the power to delegate the duties of a staff judge advocate or legal officer nor is any reference made to the position of "Assistant Legal Officer."

We are unable to see how the accused's contention that he was denied a substantial right under the ■■■■ Code can prevail. The exhibits submitted by him clearly reveal that Major L was in fact the designated legal officer. It is of slight significance that Major L incorrectly chose to describe himself as "Assistant Legal Officer" when he actually occupied the office of legal officer. Article 1 (12) of the Code, 10 USC § 801, defines a legal officer as "any commissioned officer of the Navy, Marine Corps, or Coast Guard designated to perform legal duties for a command." Here, the convening authority designated Major L as his legal officer in order to permit Major B, who had the necessary qualifications to act as law officer, to serve in that capacity in the accused's case. The crucial factor, however, is that Major L was a qualified attorney, who had been certified by The Judge Advocate General of the Navy.

---

[1] "Art. 26. Law officer of a general court-martial

"(a) The authority convening a general court-martial shall detail as law officer thereof a commissioned officer who is a member of the bar of a Federal court or of the highest court of a State and who is certified to be qualified for such duty by the Judge Advocate General of the armed force of which he is a member. No person is eligible to act as law officer in a case if he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case."

[2] "Art. 27. Detail of trial counsel and defense counsel

"(b) Trial counsel or defense counsel detailed for a general court-martial—

"(1) must be a judge advocate of the Army or the Air Force, or a law specialist of the Navy or Coast Guard, who is a graduate of an accredited law school or is a member of the bar of a Federal court or of the highest court of a State; or must be a member of the bar of a Federal court or of the highest court of a State; and

"(2) must be certified as competent to perform such duties by the Judge Advocate General of the armed force of which he is a member."

[3] "Art. 34. Advice of staff judge advocate and reference for trial

"(a) Before directing the trial of any charge by general court-martial, the convening authority shall refer it to his staff judge advocate or legal officer for consideration and advice. The convening authority may not refer a charge to a general court-martial for trial unless he has found that the charge alleges an offense under this chapter and is warranted by evidence indicated in the report of investigation."

[4] "Art. 61. Same — General court-martial records

"The convening authority shall refer the record of each general court-martial to his staff judge advocate or legal officer, who shall submit his written opinion thereon to the convening authority. If the final action of the court has resulted in an acquittal of all charges and specifications, the opinion shall be limited to questions of jurisdiction and shall be forwarded with the record to the Judge Advocate General of the armed force of which the accused is a member."

394

We are thus assured that the convening authority fully utilized the services of one trained in the law and that the pretrial advice and post-trial review were prepared by one competent to perform these statutory duties. As the Court said in United States v Schuller, supra, "the responsibility for the advice is that of the person occupying the office at the time it is signed." Here, Major L occupied the office of legal officer at the time the pretrial advice and post-trial review were signed. Accordingly, we hold that no error occurred by reason of the fact that the officer who prepared the pretrial advice and the post-trial review did so under the title of "Assistant Legal Officer" when he actually occupied the office of legal officer.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

In this instance, the solution I announced in United States v Walters, 4 USCMA 617, 16 CMR 191, is appropriate. The affidavits filed by the accused do not show he is entitled to relief and accordingly his prayer therefor should be denied.