UNITED STATES, Appellee

v

JOSEPH K. CALLAHAN, Private First Class, U. S. Army, Appellant

10 USCMA 156, 27 CMR 230

*First Lieutenant Neil Flanagin* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel W. H. Blackmarr* and *Captain John F. Christensen.*

*First Lieutenant Paul R. Walsh* argued the cause for Appellee, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant Jon R. Waltz.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On his plea of guilty, a general court-martial convicted the accused of two specifications of housebreaking, two specifications of larceny of Government clothing of the value of $335 and $1,005, respectively, and an unauthorized absence. The convening authority approved the findings of guilty, but modified the sentence of the court by reducing the period of confinement from three years to two years and suspending the execution of the dishonorable discharge. On review, a board of review further reduced the confinement to one and one-half years, but otherwise affirmed.

The accused now challenges the validity of his conviction on two grounds. First, he contends he was deprived of the right to a speedy trial. Before entering his plea he moved to dismiss all charges on that ground. After hearing trial counsel's recital of the proceedings before trial, which was conceded by individual defense counsel to be "substantially" correct, and argument by both counsel, the law officer denied the motion on the ground that the interval of time which had expired before the accused was brought to trial did not constitute "unreasonable delay." Although not urged by the Government, it is arguable that the accused waived his right to contest the validity of the law officer's ruling on appeal by entering a voluntary plea of guilty. United States v Trojanowski, 5 USCMA 305, 17 CMR 305, separate opinions by Chief Judge Quinn and Judge Brosman; cf. Parker v United States, 252 F2d 680 (CA6th Cir) (1958). However, we pass over that point to consider the merits.

The major offenses were committed on July 2 and 5, 1957. On July 8, the accused absented himself without authority from his organization at Fort Riley, Kansas. He was apprehended by the civilian police on July 10. After investigation by the Federal Bureau of Investigation to determine whether the Federal civil authorities desired to prosecute, the accused was released to the military authorities at Sandia, New Mexico, on July 22 and returned to Fort Riley on either July 29 or 30. On July 31 he was confined in the post stockade. He was informed of the formal charges against him on August 29 and the charges were referred to trial on October 4. In the latter part of November the accused requested trial. He was brought to trial on December 18.

For the purpose of this case only, we will assume the time between confinement and reference of the charges to trial is part of the period which can properly be considered in determining whether the accused was deprived of his right to a speedy trial. See Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810, 833; compare United States v Kaye, 251 F2d 87 (CA 2d Cir) (1958), with Parker v United States, supra. Also, the situation presented makes it unnecessary for us to consider the questions of whether Articles 10 and 33 provide procedures separate from and stricter than the requirement of a speedy trial and whether if these procedures are not followed dis-

missal of the charges is justified. King v United States, — F2d — (CA DC Cir) (January 8, 1959), dissenting opinion by Judges Bazelon, Edgerton, Fahy, and Washington. Under Article 10, if the accused is confined, "immediate steps" must be taken to inform him of the "specific wrong" of which he is accused and "to try him"; otherwise, the accused must be released and the charges dismissed. The accused does not contend he was not informed of the "specific wrongs" alleged. The "steps" taken to try him were expressly made part of the argument on the speedy trial issue and for this reason they are considered from that standpoint here. Article 33 requires that the charges be forwarded to the officer exercising general court-martial jurisdiction, "together with the investigation and allied papers," within eight days after the accused is ordered into "arrest or confinement, if practicable"; otherwise, a written report must be submitted to the general court-martial authority setting out "reasons for delay." There is no specific provision for dismissal of the charges for failure to comply with these provisions of Article 33. In ruling on the motion to dismiss, the law officer said: "I should suppose that there has not been a technical compliance with Article 33," but he accepted trial counsel's statement that there had been weekly oral communciations between the confinement facility and the legal office of the general court-martial authority on the status of the accused's case. The defense did not specifically challenge the failure to submit written reports on the delay as required by the Article. Under the circumstances, we think the effect of the violation of the Article, if any, is measured by the "reasons" for the delay. These are interwoven in the argument on speedy trial; consequently, we consider them in connection with that issue.

The events in the period between the accused's confinement and the trial show clearly that the time lapse was not due to either "purposeful or oppressive" design on the part of the prosecution, or to a lack of reasonable diligence. See Pollard v United States, 352 US 354, 361, 1 L ed 2d 393, 77 S Ct 481. The police investigation was complicated and the Article 32 investigation, which lasted from August 30 to September 27, with the report being filed on September 30, was delayed at various times by the temporary unavailability of individual military counsel requested by the accused, action on a challenge of the investigating officer by civilian defense counsel, and a defense request for a continuance. Sworn charges were served upon the accused on October 7. Corresponding by mail with civilian defense counsel, who had his office in Topeka, a distance of about 60 miles from Fort Riley, trial counsel requested civilian defense counsel to enter into stipulations regarding the testimony of certain absent witnesses. His request refused, trial counsel prepared interrogatories and submitted them to individual defense counsel for consideration and the addition of cross-interrogatories. The last of the interrogatories was returned by the witness in late November. On December 5, the companion case of D. Gilliland came up for trial. Gilliland was defended by the same civilian counsel as the accused. At the hearing on the motion to dismiss, defense counsel admitted the two cases could not have been tried together because there were additional offenses in the one which were not present in the other. See United States v Bodenheimer, 2 USCMA 130, 7 CMR 6. The Gilliland case was concluded at noon on December 18. That same afternoon, the accused's case was called for trial and defense counsel requested a two-day continuance.

In determining whether an accused has been denied the right to a speedy trial we must look at all the circumstances. United States v Hounshell, 7 USCMA 3, 21 CMR 129; 14 Am Jur, Criminal Law, § 136. The record here establishes that the prosecution proceeded with reasonable dispatch. We therefore affirm the ruling of the law officer denying the motion to dismiss.

For his second claim of error, the accused contends the post-trial review fails to comply with the requirements of Article 61 in that the staff judge advocate did not personally read the record of trial. The review was prepared

by the assistant staff judge advocate. The following statement signed by the staff judge advocate appears at the end: "I have read the foregoing review and adopt it as my own."

That a staff judge advocate may have the assistance of a staff member in preparing a review is beyond dispute. See United States v Hammock, 7 USCMA 614, 23 CMR 78; United States v Green, 7 USCMA 616, 23 CMR 80. We need not consider whether a failure to read the record is reversible error in a case in which the accused enters a plea of guilty and is, as here, accorded the right to examine the sentence section of the review and submit other matter in connection therewith if he desires. Also, we put aside consideration of the Government's contention that the challenged certificate reasonably implies the fact that the staff judge advocate actually read the record of trial in this case. The Government has submitted a sworn statement by the staff judge advocate in which he asserts he personally "examined, read and reviewed the record of trial" and thereafter adopted his assistant's review because it expressed fully his own "decision and determination." This statement may properly be considered part of the post-trial review. United States v King, 8 USCMA 392, 24 CMR 202; United States v Schuller, 5 USCMA 101, 17 CMR 101. When so considered, it is apparent the requirements of Article 61 have been fully met.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.