**UNITED STATES, Appellee,**

v.

**Private First Class (E–3) Michael BRIERS, SSN 422–80–9404, United States Army, Appellant.**

**CM 437646.**

U. S. Army Court of Military Review.

30 May 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain Terrence L. Lewis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of possessing heroin, possessing a hypodermic needle and syringe, driving without liability insurance on his automobile and without a valid operator's permit, disobeying a non-commissioned officer, and breaking restriction (two specifications) in violation of Articles 91, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892, and 934. The military judge sentenced him to a dishonorable discharge, confinement at hard labor for two years and ten months, forfeiture of all pay and allowances, and reduction to Private E-1. The convening authority approved the sentence.

### I

The appellant assigns four errors, two of which concern the heroin possession offense. He asserts first that the heroin found in a search incident to his arrest should have been suppressed because the underlying arrest was not based upon probable cause.

An arrest to be valid must be based upon a reasonable belief that an offense has been committed and that the person apprehended committed it. Article 7(b), UCMJ, 10 U.S.C. § 807(b). If, as appellant claims, the arrest was invalid, then the search incident thereto was also invalid. *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *United States v. Ness*, 13 U.S.C.M.A. 18, 32 C.M.R. 18 (1962). We must examine the arrest to see if it meets the standard enunciated in Article 7(b), UCMJ.

The appellant was apprehended by a criminal investigator for the transfer of heroin five days previously to a soldier named Gatlin.[1] The information concerning the transfer was furnished by Gatlin at the time of his (Gatlin's) arrest for possession of heroin. Gatlin identified the appellant as the source of the heroin.

In applying the standard in Article 7(b), UCMJ, to these facts, we find the basis for the criminal investigator's reasonable belief that an offense had been committed was his discovery that Gatlin possessed heroin. To be in possession, there must have been an unlawful sale or transfer to Gatlin. That transfer was the offense; the investigator's belief was reasonable. A more difficult question is presented in finding a reasonable belief that appellant committed the offense, i. e., that appellant transferred the heroin to Gatlin.

The sole evidence linking appellant to the transfer of heroin to Gatlin was Gatlin's statement to the police when arrested. Gatlin is thus classified as an informant, insofar as measuring the legality of appellant's arrest is concerned. In evaluating the statement of the informant we must use the familiar test set out in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The test has also been

---

1. The investigator delayed five days in apprehending appellant while trying unsuccessfully to establish a controlled buy from him through Gatlin. The delay in making the arrest did not affect the existence of probable cause, however. *United States v. Santo*, 20 U.S.C.M.A. 294, 43 C.M.R. 134 (1971); *United States v. Morales*, 49 C.M.R. 458 (A.C.M.R.1974), *rev'd on other grounds as to sentence*, 1 M.J. 87 (C.M.A.1975).

adopted in paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition).

First, we must ascertain if there was a sufficient showing of the underlying circumstances of how the informant gained his knowledge. The investigator's testimony established this facet. He related that the informant, Gatlin, told him that appellant transferred the heroin to him (Gatlin). Obviously Gatlin would have personal knowledge of the transfer from his own participation in the transaction. This personal involvement furnishes the strongest possible basis for his knowledge.

The second prong of the test, to show that Gatlin was credible, or that his information was reliable, is more difficult. Gatlin had not given accurate information previously; neither was he a good citizen informant who volunteered to help law enforcement authorities. To the contrary, he was a person under arrest for a felony, with a strong case against him and with every reason to try to ameliorate his situation. Favoring Gatlin's credibility, however, is the absence of any indication that Gatlin would have a reason to lie in implicating the appellant, as opposed to anyone else with whom he came in contact. This naming of his source would be consistent with an honest effort to make a clean breast of things after he was arrested.

The Government argues that the criminal investigator had the opportunity to assess Gatlin's credibility in the face-to-face meeting on the day he arrested him and took his statement but that is of dubious value. Nevertheless, it takes very little to establish the informant's credibility. In *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), the Supreme Court found a sufficient basis in an investigator's affidavit that he had "interviewed this person, found this person to be a prudent person . . . ." In the instant case, the investigator testified that he believed Gatlin when he took his statement and that Gatlin gave them information which was consistent with other drug information within their knowledge. When coupled with the absence of a reason for Gatlin to lie when naming appellant, there arose an adequate basis for finding him credible. Both facets of the *Aguilar* and *Spinelli* test are then met and the second requirement of the apprehension standard, viz., a reasonable belief that appellant transferred heroin to Gatlin, was satisfied. We therefore find the underlying apprehension of appellant was based on probable cause. The search incident thereto was legal.

II

■■ We next turn to appellant's assertion that the lab report used to establish the nature of the substance found in the search of appellant as heroin was incompetent hearsay and insufficient to support a conviction. He further argues that failure to produce the examining chemist violated appellant's Sixth Amendment right to confront the witness against him.

The lab report was admissible as a business entry. *United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972). In the absence of a request for the presence of the chemist, there was no reason to call him. *United States v. Miller*, 23 U.S.C.M.A. 247, 49 C.M.R. 380 (1974). This assignment of error is without merit.

III

The appellant alleges that the evidence was insufficient to establish his guilt of the offense of violating a regulation by driving his car without proper liability insurance. The evidence offered by the prosecution was a Notice of Cancellation of Registration (AE Form 1270, 14 Nov. 1973) indicating that appellant's automobile insurance was cancelled by the insurance company on 21 June 1978, and an admission by appellant on 22 June that he was trying to arrange for renewal. No evidence was presented to show that coverage had not been renewed by 25 June when appellant was seen driving his car.

■ The Government is aided in its proof of this offense by the permissible inference found in paragraph 138a (2), MCM, 1969

(Rev.), that "a condition shown to have existed at one time continues to exist." The question then becomes whether we may infer that the lack of insurance shown to exist on 22 June continued to exist on 25 June when appellant drove his car. We believe that it is reasonable so to infer. The time interval was short and there was no indication of a response by appellant to the requirements of the Notice of Cancellation form.

■ Appellant asserts that the Notice of Cancellation form was inadmissible hearsay and insufficient to establish the lack of insurance coverage. It is unnecessary for us to determine whether the form qualified as an official record or a business entry because even if the form was not admissible appellant's admission to his first sergeant is sufficient to establish the lack of insurance.[2]

## IV

■ Finally, the appellant asserts that the military judge abused his discretion by not dismissing the two specifications of breaking restriction which were minor offenses improperly joined with the major offenses. *See* paragraph 26c, MCM, 1969 (Rev.). We agree that the offenses were improperly joined but we do not agree that the military judge abused his discretion in not ordering a dismissal. *United States v. Johnson*, 49 C.M.R. 477 (A.C.M.R.1974).

The military judge recognized that the offenses were minor and that they should be dismissed but he also recognized the conflicting policy in the Manual that states "charges against an accused, if tried at all, ordinarily should be tried at a single trial by the lowest court that has [the] power to adjudge an appropriate and adequate punishment" Paragraphs 30g and 33h, MCM, 1969 (Rev.). The judge indicated the minor offenses would have no impact on his findings and sentence and concluded it would be in the best interest of the accused to proceed with them. His action was not improper.

The findings of guilty and the sentence are affirmed.

Judge DeFORD and Judge LEWIS concur.

---

2. Appellant did not object to the admissibility of the Notice of Cancellation form.