UNITED STATES, Appellee,

v.

Private (E–1) Marcel TREADWELL, SSN 579–62–4085, United States Army, Appellant.

CM 437141.

U. S. Army Court of Military Review.

28 June 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain William J. Carter, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Senior Judge:

The case before us is a rehearing that resulted in a finding of guilty, with no approved sentence. Because of an issue pertaining to the staff judge advocate's post-trial review, The Judge Advocate General referred the case to this Court under Article 69, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869 (1976).

Appellant was first tried in September 1977 on charges of assault with intent to commit rape, communicating a threat, and the lesser charges of failing to obey orders and failing to report to a place of duty. The minor charges were on motion severed without prejudice. The appellant was acquitted of communicating a threat and, as to the assault charged, was found guilty only of the lesser included offense of indecent assault. The adjudged sentence included a bad-conduct discharge, confinement at hard labor for 18 months, and forfeiture of all pay and allowances. When the record of trial proved to be nonverbatim due to recording equipment failure, the convening authority set aside the findings and sentence and ordered a rehearing.

After a new formal pretrial investigation (Art. 32, UCMJ, 10 U.S.C. § 832 (1976)) and pretrial advice by the staff judge advocate, appellant was again brought to trial on rehearing in January 1978. The charges included not only the indecent assault, but also the previously-severed charges of failure to obey and failure to repair—violations of Articles 134, 92, and 86, Uniform Code of Military Justice, respectively, 10 U.S.C. §§ 934, 892, 886 (1976). This time, the court convicted appellant only of a failure to repair to his appointed place of duty. He was sentenced to be restricted to his company area for 30 days and to forfeit $100.00 pay per month for two months. Evidently in consideration of periods appellant already had spent in pretrial and post-trial confinement, the convening authority, although approving the findings of guilty, approved no sentence. He ordered that all rights, privileges, and property adversely affected by the first trial be restored. A summarized

record of trial was forwarded to The Judge Advocate General of the Army for review, and, as previously mentioned, has been referred to this Court.

Referral of the case to us developed from the fact that in his pretrial advice to the convening authority the staff judge advocate overstated the maximum punishment authorized. (His calculations omitted the fact that the maximum punishment for indecent assault—normally including a dishonorable discharge and confinement for five years—was limited to a bad-conduct discharge and eighteen months' confinement by the results of the first trial. Art. 63(b), UCMJ, 10 U.S.C. § 863(b) (1976).) When the defense moved for a new pretrial advice because of the erroneous information, the staff judge advocate was called as a witness for the prosecution. He testified that, although the maximum punishment was incorrectly stated in the written pretrial advice, he had corrected the error through oral advice to the convening authority before the charges were referred to trial. He also testified, despite some initial uncertainty, that the officer he advised was indeed the one who referred the charges and not one of the two other officers who had occupied the office of general court-martial convening authority at one stage or another.[1] Because of the challenge to his pretrial advice (we assume; no reasons were given), the post-trial advice to the convening authority (i. e., the staff judge advocate's review) was prepared and signed by an assistant staff judge advocate. See Article 61, UCMJ, 10 U.S.C. § 861 (1976). The staff judge advocate did not adopt or expressly concur in the review, or, so far as the record shows, participate in the post-trial advice in any way. Cf. United States v. Stowe, 12 C.M.R. 657, 664–66 (A.F.B.R. 1953).

The error asserted by appellant's counsel is that the staff judge advocate was disqualified from rendering the post-trial advice to the convening authority and, therefore, the assistant staff judge advocate was, too. If so, the question also arises whether the disqualification was waived by trial defense counsel's failure to object to the staff judge advocate's review on that basis.

In his rebuttal to the post-trial review—an opportunity afforded pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A.1975)—the trial defense counsel rightly complained about the inexplicable failure of the reviewer to mention the defense's motion challenging the pretrial advice and similar failure to mention that the staff judge advocate had testified in opposition to the motion, but the trial defense counsel did not challenge the assistant staff judge advocate's qualifications or standing to render the post-trial advice.

As to the staff judge advocate's own disqualification from rendering the post-trial advice to the convening authority, the Court of Military Appeals has said that it is only "[w]here the pretrial adviser misstates a material fact, omits a material fact, arrives at an erroneous factual conclusion, or makes a misstatement of law material to the convening authority's resolution, [that] he is disqualified as the post-trial reviewer." *United States v. Collins,* 6 M.J. 256, 257 (C.M.A.1979) (Fletcher, C. J.). "Stated differently," Chief Judge Fletcher said, "the proper standard requires that if the pretrial advice is correct in all material aspects, both those of fact and law, then the drafter is not disqualified to act as the post-trial reviewer." *Id.*

■ We cannot, however, resolve this matter solely on the question whether the incorrect pretrial advice could be and was corrected by proper oral advice,[2] because, in

---

[1.] Ironically, the commander who in his action on the first trial had directed the rehearing had been correctly apprised of the maximum punishment limitation by means of the staff judge advocate's post-trial review. However, it was a temporary successor who later referred the recombined charges to trial after receiving the new (challenged) pretrial advice.

[2.] Although the Manual for Courts-Martial requires that the pretrial advice include "a written and signed statement" concerning specified matters (not including the maximum punishment), we know of no reason why the pretrial advice cannot be altered orally at least as to other matters, as was done in this case. *See* Manual for Courts-Martial, United States, 1969

this case, the staff judge advocate was called upon not merely to review his pretrial advice; he was required to determine the credibility of his own testimony.

Staff judge advocates, and convening authorities too, occasionally are called upon to testify in trials by court-martial. As to their eligibility thereafter to participate in the review process, the Court of Military Appeals has said:

> This Court has recognized that there could be situations where the act of testifying as a witness does not automatically result in the person forfeiting his impartiality and thereby becoming disqualified to review the trial. . . . [D]isqualification depends on whether the convening authority is put in the position of weighing his testimony against or in light of other evidence which conflicts with or modifies his own. Furthermore, this test is controlling in the case of a staff judge advocate to the reviewing authority. . .

*United States v. Choice,* 23 U.S.C.M.A. 329, 331, 49 C.M.R. 663, 665 (1975); *accord, United States v. Reed,* 2 M.J. 64, 68 (C.M.A. 1976); *United States v. Ward,* 1 M.J. 18, 19 (C.M.A.1975); *United States v. Pounds,* 50 C.M.R. 441 (A.F.C.M.R.1975).[3]

█ The staff judge advocate's testimony neither related solely to a matter of formality nor to an uncontested matter. *Cf.* American Bar Association, Code of Professional Responsibility, Disciplinary Rules

5–101(B), 5–102(A) (1978) (testimony by trial lawyer). His testimony conflicted with what was shown in his pretrial advice. In paraphrase of *United States v. Ward, supra,* he therefore was, in his post-trial review, required to weigh his own testimony against his earlier official act in order to resolve a question of fact.[4] *United States v. Ward,* 1 M.J. at 19; *cf. United States v. Mack,* 46 C.M.R. 569, 571 (A.F.C.M.R.1972). Accordingly, we hold that the staff judge advocate became disqualified from advising his convening authority pursuant to Article 61, Uniform Code of Military Justice, *supra.*

█ Turning now to the qualification vel non of an assistant staff judge advocate to be a convening authority's post-trial advisor, we note first that Article 61 requires that a convening authority refer the records to "his staff judge advocate . . . who shall submit his written opinion." Article 61, UCMJ, 10 U.S.C. § 861 (1976). A literal interpretation of that language is implicit in decisions permitting the post-trial review to be drafted by someone other than the staff judge advocate provided the latter adopts the opinions and recommendations as his own. *See, e. g., United States v. Kema,* 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959); *United States v. Callahan,* 10 U.S.C.M.A. 156, 27 C.M.R. 230 (1959); *United States v. Kemp,* 7 M.J. 760 (A.C.M.R.1979); *United States v. Daley,* 35 C.M.R. 718 (A.F.B.R.1964); *United States v. Herrington,* 33 C.M.R. 814 (A.F.B.R.1963); *see also United*

---

(Rev.), par. 35*c*; *compare* Article 34(a), UCMJ, 10 U.S.C. § 834(a) (1976), *with* Article 61, UCMJ, 10 U.S.C. § 861 (1976). *United States v. Heaney,* 9 U.S.C.M.A. 6, 25 C.M.R. 268 (1958), cited by appellant, does not hold otherwise. *Cf. United States v. Schuller,* 5 U.S.C. M.A. 101, 108, 17 C.M.R. 101, 108 (1954) (post-trial certificates considered together with pretrial advice). Obviously the far better practice would be to impart or confirm the supplemental advice in writing. That would have made the staff judge advocate's appearance as a witness unnecessary.

3. Whether the testimony indicates that the challenged person had a "personal connection" with the case as distinguished from only "an official or disinterested" interest occasionally is included in statements of the standard to be applied. *United States v. Choice,* 23 U.S.C.

M.A. 329, 331, 49 C.M.R. 663, 665 (1975), quoting *United States v. McClenny,* 5 U.S.C.M.A. 507, 513, 18 C.M.R. 131, 137 (1955). However, we think that *lack* of personal interest, as in this case, is more determinative of a person's status as an accuser than of his qualification to be a reviewer. The distinction is correctly made in *United States v. Reed,* 2 M.J. 64, 68 (C.M.A.1976). *Cf. United States v. Conn,* 6 M.J. 351, 354–55 (C.M.A.1979).

4. To find the pretrial advice error-free in this case, it was necessary to conclude that the oral advice was in fact given, that it correctly stated the maximum punishment, and that it specifically was given to the acting commander who referred the charges to trial (rather than to one of the others with whom the staff judge advocate had previously discussed the case).

*States v. Schuller,* 5 U.S.C.M.A. 101, 17 C.M.R. 101 (1954) (pretrial advice). *But see United States v. Reed,* 4 M.J. 869, 873–74 (C.G.C.M.R.1978); *United States v. Dempsey,* 1 M.J. 835 (A.F.C.M.R.1976). When his staff judge advocate has become disqualified, the convening authority may request the assignment of another. Manual for Courts-Martial, United States, 1969 (Rev. ed.), par. 85*a.* He also may forward the record to another convening authority for review. *Id.* Whether delegating authority or designating a substitute staff judge advocate within the command's legal office could be an additional permissible alternative, we do not decide. Under the circumstances of this case it placed the assistant staff judge advocate in the position of having to evaluate the credibility of his supervisor. This is undesirable. *United States v. Aites,* 46 C.M.R. 366 (N.C.M.R.1971); *cf. United States v. McMath,* 46 C.M.R. 1247 (A.C.M.R.1973). We hold that the assistant staff judge advocate was derivatively disqualified from furnishing the post-trial advice to the convening authority. *See United States v. Hurd,* 49 C.M.R. 671 (A.C.M.R. 1974) (acting staff judge advocate disqualified when staff judge advocate had arranged clemency for prosecution witness).

■ As previously mentioned, the trial defense counsel's rebuttal to the post-trial review made no mention of the possibility that the author of the review was disqualified. In *United States v. Myhrberg,* 2 M.J. 534 (A.C.M.R.1976) (en banc), holding that deficiencies or errors in the post-trial review waived pursuant to *United States v. Goode, supra,* were not limited to those stemming from use of extra-record information, the majority opinion observed that "the application of this waiver provision would, of course, be subject to the same limitations, *e. g.,* manifest miscarriage of justice, as any other waiver rule." 2 M.J. at 537 n.10. According to Judge Jones more complete articulation of the rule, we will not apply the waiver doctrine when it " 'would result in a manifest miscarriage of justice or would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* at 539 (Jones, Sr. J.) (the quotation is from *United States v. Stringer,* 4 U.S.C.M.A. 494, 498, 16 C.M.R. 68, 72 (1954)); *accord, United States v. Veney,* 6 M.J. 794 (A.C.M.R.1978).

■ We do not believe that any miscarriage of justice is manifest in this case, but we do believe that passing upon his own or his superior's pretrial advice and testimony supporting that advice is conduct by a reviewing official that calls into question " 'the fairness, integrity, or public reputation of judicial proceedings.' " *See United States v. Engle,* 1 M.J. 387, 389 (C.M.A. 1976) ("conduct . . . antithetical to the integrity of the military justice system"). Accordingly, we decline appellee's invitation to apply the waiver doctrine in this instance.

Normally, we would merely set aside the convening authority's action and require a new review and action by a different convening authority. However, no sentence has been approved; the only offense of which appellant has been convicted, a minor one, occurred almost two years ago; appellant and the Government have been put to two trials, with two reviews and actions; the appellant served part of the sentence adjudged in the first trial; he is or soon will be eligible for administrative discharge; and the character of his service properly can be determined by reference to two previous convictions.

Accordingly, the findings of guilty are set aside and the charges are dismissed.

Judge WATKINS and Judge LEWIS concur.