**UNITED STATES**

v.

**Peter R. H. MILLER, Seaman Recruit, U. S. Coast Guard, CGCMS 23536.**

**No. 831.**

U. S. Coast Guard Court of Military Review.

27 April 1981.

Trial Counsel: LCDR Bruce E. Weule, USCG.

Defense Counsel: LT Carl A. Swedberg, USCG.

Appellate Defense Counsel: LT Judith M. Hammond, USCGR.

Appellate Government Counsel: LCDR Robert W. Ferguson, USCG.

OPINION

MORGAN, Chief Judge:

Seaman Recruit Peter R. H. Miller, USCG, was tried by a special court-martial at Seattle, Washington 1–5 March 1979 on various charges and specifications alleging violations of Articles 81, 86, 92, 108, 109, 121 and 134 Uniform Code of Military Justice 10 U.S.C. §§ 881, 886, 892, 908, 909, 921 and 934. The accused pleaded not guilty to all charges and specifications. At trial by a court comprised of a military judge and members the accused was found guilty of unauthorized absence from his unit for a period of about fifty-five minutes on 24 November 1978 in violation of Article 86, UCMJ, an offense of wrongful disposition of military property having a value greater than $100.00 and an offense of willfully damaging government property in an amount less than $50.00 in violation of Article 108, UCMJ, and two offenses of stealing military property having a value greater than $100.00 in violation of Article 121, UCMJ. The court sentenced the accused to be discharged from the service with a bad conduct discharge. The convening authority approved the findings and sentence of the court. The officer exercising general court-martial jurisdiction reduced the period of unauthorized absence found by the court from fifty-five minutes to thirty-five minutes and the value of the stolen property in one of the larceny offenses from about $300.00 to $235.10. Otherwise the findings of guilty and the sentence were approved.

Appellate defense counsel asserts that the unauthorized absence charge must be dis-

missed because it is a minor offense improperly joined with major offenses contrary to the provisions of paragraph 26 c, Manual for Courts-Martial, 1969, (Rev.) and that a new legal officer's review is required since the review was not prepared by the district legal officer as required by Article 61, UCMJ, 10 U.S.C. § 861, nor had the assistant legal officer who prepared the review been designated in writing for that purpose as authorized by Section 510–1 of the Coast Guard Military Justice Manual, CG–488.

Trial defense counsel made timely motion to dismiss the unauthorized absence charge as being improperly joined with the major offenses involving larceny and wrongful disposition of government property. Following an offer of proof by the trial counsel the military judge denied the defense motion on the ground that the absence in question, if proved, could help explain the accused's opportunity to be present and participate in another alleged offense of unlawfully concealing stolen property. The military judge gave the defense counsel leave to raise the motion for dismissal of the absence offense again if the government failed to connect the two offenses.

At the close of the government's case the military judge granted a defense motion for a finding of not guilty of the concealment of stolen property offense to which the unauthorized absence was reputedly related. The defense counsel did not renew the motion for dismissal of the unauthorized absence offense and the military judge did not dismiss it on his own motion. Instead, the members found the accused guilty of that offense and it remained before them for sentence considerations.

. The legal officer who reviewed the record for the officer exercising general court-martial jurisdiction expressed the view that the unauthorized absence offense was improperly joined since it could not have served to explain the concealment of stolen property offense alleged to have been committed on a different date. However, he concluded that defense counsel waived the error by failing to renew the motion for dismissal of the absence offense charge after the motion for a finding of not guilty of the concealment of stolen property charge was granted.

■ We agree that the minor unauthorized absence offense was improperly joined with the more serious offenses since it did not serve to explain the circumstances of any of the greater offenses. See paragraph 26 c, MCM, 1969 (Rev.); *U. S. v. Briers*, 7 M.J. 776 (A.C.M.R.1979). However, that offense was so inconsequential in relation to the more serious offenses of which the accused was convicted that it could have had no prejudicial impact with respect to the sentence. See *U. S. v. Briers, supra; U. S. v. Johnson*, 49 C.M.R. 477 (A.C.M.R.1974); *U. S. v. Peterson*, 19 U.S.C.M.A. 317, 41 C.M.R. 317 (1970); *U. S. v. Fox*, 10 M.J. 176 (C.M.A.1981). This view was evidently shared by the trial defense counsel since he did not renew the motion to dismiss the absence charge at trial as he had specifically been given leave to do nor did he object to the legal officer's treatment of the issue in his review. See *U. S. v. Goode*, 1 M.J. 3 (C.M.A.1975); *U. S. v. Barnes*, 3 M.J. 406 (C.M.A.1977). Absent any indication that the erroneous joinder of the minor unauthorized absence charge with the more serious charges has resulted in a manifest miscarriage of justice or has otherwise seriously affected the fairness, integrity or public reputation of the judicial proceedings, the error has not been preserved for appellate review. *U. S. v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976); *U. S. v. Berry*, 2 M.J. 576 (A.C.M.R.1977), petition for review by U.S. C.M.A. denied 3 M.J. 339.

■ The record of this trial was properly referred to Commander, Fourteenth Coast Guard District, an officer exercising general court-martial jurisdiction, for review pursuant to Article 65(b), UCMJ. Commander Michael J. Jacobs, USCG, was the legal officer for Commander, Fourteenth Coast Guard District on 7 May 1980, the date of the legal officer's post-trial review. The review was prepared and signed by Lieutenant Commander James S. Carmichael, USCG, the senior assistant to Commander Jacobs. Nothing in the record indicates

that Lieutenant Commander Carmichael prepared and signed the review in Commander Jacobs' absence or due to his disqualification.

Article 65(b), UCMJ, 10 U.S.C. § 865(b), provides that if the sentence of a special court-martial as approved by the convening authority includes a bad conduct discharge the record shall be sent to the officer exercising general court-martial jurisdiction to be reviewed in the same manner as a record of trial by general court-martial. Article 61 pertaining to general courts-martial provides that "The convening authority shall refer the record of each general court-martial to his staff judge advocate or legal officer, who shall submit his written opinion thereon to the convening authority." The term "his staff judge advocate or legal officer" as used in Article 61 was not elaborated upon in the Congressional Hearings or Reports on the Code. See Index and Legislative History Uniform Code of Military Justice House Hearings pp. 1177, 1185, 1186; House Report pp. 29, 31; Senate Report pp. 26, 27. However, the term has traditionally been interpreted as indicating the intent of Congress that the advice be that of the senior and presumably most mature and experienced judge advocate or legal officer assigned to the command. See *U. S. v. Schuller*, 5 U.S.C.M.A. 101, 17 C.M.R. 101 (1954); *U. S. v. Callahan*, 10 U.S.C.M.A. 156, 27 C.M.R. 230 (1959); *U. S. v. Kema*, 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959); *U. S. v. Reed*, 4 M.J. 869 (C.G.C.M. R.1978); *U. S. v. Treadwell*, 7 M.J. 864 (A.C.M.R.1979).

Paragraph 85 a of the Manual for Courts-Martial provides alternative sources of a staff judge advocate's or legal officer's review in instances where the convening authority has no staff judge advocate or legal officer or if the person serving in that capacity is ineligible to act as staff judge advocate or legal officer for any reason. Similarly, an assistant may act during the absence of the staff judge advocate or legal officer. See *U. S. v. Schuller, supra.* In the Coast Guard Section 510–1 of the Coast Guard Military Justice Manual, CG–488 further provides:

"If * * * one or more assistant legal officers are attached to * * * a command, and if it appears that the senior is or may become disqualified for any reason from acting as legal officer in any particular case or for a specific period of time, a convening authority may * * * designate, in writing, a junior to act as his legal officer in any particular case or for a specified period of time * * *."

Commander, Fourteenth Coast Guard District did not designate Lieutenant Commander Carmichael, in writing, to act as his legal officer in this case. However, counsel have submitted an affidavit executed by Commander Jacobs relating that due to his personal workload he recommended to Commander, Fourteenth Coast Guard District that Lieutenant Commander Carmichael be designated as the staff legal officer for the review of Seaman Recruit Miller's case. On the basis of that recommendation the Commander, Fourteenth Coast Guard District did orally designate Lieutenant Commander Carmichael to act as his staff legal officer in reviewing the Miller case. Commander Jacob's affidavit may be considered as showing that Lieutenant Commander Carmichael was in fact designated by the officer exercising general court-martial jurisdiction as his legal officer for the review of this case.

The Court of Military Appeals considered the adequacy of a review prepared by an assistant legal officer under similar circumstances in *U. S. v. King*, 8 U.S.C.M.A. 392, 24 C.M.R. 202 (1957). In that case the assistant prepared both the pretrial advice pursuant to Article 34(a), UCMJ, 10 U.S.C. § 834(a), and the posttrial advice pursuant to Article 61, UCMJ, since the legal officer served as law officer of the court-martial which tried the accused. The officer preparing the advice in each instance signed as "assistant legal officer."

The Court of Military Appeals first held that exhibits outside the record of trial filed with the Court by appellate defense counsel could appropriately be considered in determining whether the advice to the convening

authority had been submitted by "his legal officer" in contemplation of Articles 34 and 61, UCMJ. Then, considering the information contained in the exhibits, the Court concluded that the assistant legal officer actually occupied the office of legal officer at the time he signed the pretrial and post-trial advice since he had been designated by the convening authority as provided in Article 1(12), UCMJ, 10 U.S.C. § 801(12), to serve as his legal officer for the accused's case. In the course of their opinion the Court said:

> "The crucial factor * * * is that [the assistant legal officer] was a qualified attorney, who had been certified by the Judge Advocate General of the Navy. We are thus assured that the convening authority fully utilized the services of one trained in the law and that the pre-trial advice and post-trial review were prepared by one competent to perform these statutory duties". 24 C.M.R. 204–205.

In this case the officer exercising general court-martial jurisdiction had designated Lieutenant Commander Carmichael as "his legal officer" for the review of Seaman Recruit Miller's case. Lieutenant Commander Carmichael is a legal specialist of the Coast Guard certified pursuant to the provisions of Article 27(b), UCMJ, 10 U.S.C. § 827(b). Thus we are assured that the officer exercising general court-martial jurisdiction fully utilized the services of one trained in the law and that the legal officer's review was prepared by one competent to perform that statutory function. *U. S. v. King, supra.* Cf. *U. S. v. Kema, supra.*

We note also that Lieutenant Commander Carmichael submitted a thorough and comprehensive review of the case to which trial defense counsel interposed no objection. See *U. S. v. Goode,* and *U. S. v. Barnes,* both *supra.*

The findings of guilty and the sentence approved on review below are affirmed.

Judges HOLLAND, BEAVER and BRIDGMAN, concur.