**UNITED STATES, Appellee,**

v.

**Private E–2 Harry WILSON, SSN 266–02–3901, United States Army, Appellant.**

**CM 442205.**

U.S. Army Court of Military Review.

7 June 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Major Lawrence F. Klar, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was convicted by a general court-martial of numerous violations of the Uniform Code of Military Justice, 10 U.S.C. § 801 *et seq.* (1976) (hereafter UCMJ). The court-martial was convened by the Commander, 2d Armored Division (Forward). After trial the Staff Judge Advocate, United States Army, Berlin, upon request of the Staff Judge Advocate, 2d Armored Division (Forward), prepared the post-trial review required by Article 61, UCMJ. The Commander, 2d Armored Division (Forward), then took initial action on the record of trial based on the advice of the Staff Judge Advocate, United

States Army, Berlin. The record and allied papers pertaining to this case are devoid of any information indicating compliance with the procedure in paragraph 85, Manual for Courts-Martial, United States, 1969 (Revised edition) (hereafter Manual), when a staff judge advocate is disqualified to prepare the post-trial review. Accordingly, we directed the parties to file briefs on whether there was compliance with the post-trial review procedures mandated by the UCMJ and the Manual. We conclude there was not.

■ Prior to taking initial action on the findings and sentence of a general court-martial, the convening authority is required to refer the record of trial to *his* staff judge advocate or legal officer who shall submit his written opinion thereon. Article 61, UCMJ, 10 U.S.C. § 861. Although the staff judge advocate need not personally prepare the review, he is required to adopt the law and facts described therein and the opinion rendered as his own. *United States v. Kema,* 10 U.S.C.M.A. 272, 27 C.M.R. 346 (1959), *United States v. Callahan,* 10 U.S.C.M.A. 156, 27 C.M.R. 230 (1959).

■ The responsibility for preparation or adoption of the post-trial review is with the individual occupying the office of the staff judge advocate. *Cf. United States v. Schuler,* 5 U.S.C.M.A. 101, 17 C.M.R. 101 (1954). In the event he has no staff judge advocate or legal officer, or in the case of the disqualification of either, the convening authority has two options: 1) He may request assignment of a staff judge advocate or legal officer to review the record of trial and prepare a written opinion, or 2) he may forward the record to The Judge Advocate General for review and advice before acting thereon. Paragraph 85*a,* Manual. If he does not wish to act on the case, he may forward the record to another convening authority for review by his staff judge advocate and initial action. *Id.*

■ Here the convening authority took initial action without benefit of the opinion of his staff judge advocate, without benefit of the opinion of a staff judge advocate assigned to him for that purpose, and without benefit of the opinion of The Judge Advocate General. The review was prepared by the Staff Judge Advocate, United States Army, Berlin, upon request of the Staff Judge Advocate, 2d Armored Division (Forward), who did not then adopt it as his own.[1] Under these circumstances, the required legal advice was prepared by an interloper, and the action of the convening authority is fatally flawed.

The government nonetheless insists that the convening authority ratified the preparation of the review by the Staff Judge Advocate, United States Army, Berlin. We disagree. While in some instances a legal officer may be designated as the acting staff judge advocate, from within a convening authority's command, *see United States v. King,* 8 U.S.C.M.A. 392, 24 C.M.R. 202 (1957), the convening authority himself has no authority to assign the post-trial review to another convening authority's staff judge advocate. Having no authority to assign the Staff Judge Advocate, United States Army, Berlin, to prepare the review and advice, the convening authority could not ratify the same action after the fact.

■ Finally, we find no merit to the contention that appellant waived any error by failing to raise the issue in his *Goode*[2] response. The integrity and public reputation of military judicial proceedings require that waiver not be applied in this case. *See United States v. Treadwell,* 7 M.J. 864, 866 (A.C.M.R.1979).

We do not reach the remaining issues raised by appellant as they are not now properly before us.

The action of the convening authority, dated 15 March 1982, is set aside. The record of trial is returned to The Judge Advocate General for a new review and

---

1. The Staff Judge Advocate, 2d Armored Division (Forward), mistakenly believed he was disqualified to review the record. *See United States v. Gray,* 14 M.J. 816 (A.C.M.R.1982).

2. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

action by the same or a different convening authority.