**UNITED STATES**

v.

**Robert Thomas SPARKS, 574 34 3346, Fireman Apprentice (E–2), U.S. Navy.**

**NMCM 85 2140.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 March 1985.

Decided 23 Aug. 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

LT Linda P. McIntyre, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MITCHELL and DECARLO, JJ.

UPON RECONSIDERATION

PER CURIAM.

This case was originally decided on 31 July 1985 but this Court, on its own motion, reconsidered its decision.

Appellant was tried and convicted, pursuant to pleas of guilty, by special court-martial of distributing methamphetamines, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912. A sentence extending to a bad conduct discharge, confinement for 90 days, forfeitures of $413.00 pay per month for six months, and reduction to pay grade E–1 was adjudged. The convening authority, acting in conformance with a pretrial agreement, approved the sentence but suspended confinement in excess of 60 days.

■ The convening authority was the Commanding Officer, USS MCKEE (AS–41). By reference to the charge sheet, we conclude that an officer within the command was assigned the duties of legal officer. We take judicial notice that the officer so designated or assigned is not certified and qualified in accordance with Article 27(b), UCMJ, 10 U.S.C. § 827(b). We are unable to discern whether or not that officer has ever had legal training, such as that provided by Naval Justice School to officers who are not lawyers.

The record reveals that the review required by Article 60(d), UCMJ, 10 U.S.C. § 860(d) and R.C.M. 1106(a), *Manual for Courts-Martial, 1984*, (MCM, 1984), was performed in this case by the staff judge advocate (SJA) for Commander Submarine Squadron Three (COMSUBRONTHREE). The record does not explicitly disclose that the convening authority requested that the SJA of COMSUBRONTHREE be designated to prepare the R.C.M. 1106(a) recommendation, such a request being required by subparagraph (c)(2) of that Rule. No R.C.M. 1106(f)(4) response to the SJA recommendation was submitted by trial defense counsel.

The above facts have been focused upon in order to reach a decision on the following error assigned:

ERROR TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT OCCURRED WHEN THE RULE 1106 OF THE RULES FOR COURTS-MARTIAL RECOMMENDATION WAS NOT PREPARED BY THE CONVENING AUTHORITY'S LEGAL OFFICER OR A STAFF JUDGE ADVOCATE DESIGNATED BY THE CONVENING AUTHORITY. R.C.M. 1106(c)(2).

In support of the assignment, appellate defense counsel moved this Court to order the convening authority to produce the document which would evidence the request for the services of the SJA of COMSUBRONTHREE to prepare the R.C.M. 1106(a) recommendation. We denied this motion.

At the outset, we state that more is required to prove that an accused's rights have been substantially prejudiced than its mere assertion. Appellant has tendered neither argument nor evidence in support of his claim of prejudice. This omission alone is sufficient for us to reject the error as meritless. *See United States v. Skaar*, 20 M.J. 836 (NMCMR 1985).

We are, however, aware that this same issue has been addressed to every panel of this Court and uniformly decided adverse to the claimant of error. *See United States v. Van Ness*, No. 85 2161 (NMCMR 19 July 1985); *United States v. Grismer*, No. 85 2270 (NMCMR 18 July 1985); *United States v. Carl*, No. 85 0905 (NMCMR 14 June 1985); *United States v. Groves*, No. 85 1632 (NMCMR 11 June 1985); *United States v. Payne*, No. 85 1446 (NMCMR 7 June 1985). Each cited decision, though in our opinion decided correctly, has done no more than reject the claim of error without elucidation upon the issue. We set forth our reasoning for why we conclude the judgments of this Court are correct.

The specific provisions in question provide:

R.C.M. 1106(a):

*In general.* Before the convening authority takes action under R.C.M. 1107 on a record of trial by general court-

martial or a record of trial by special court-martial which includes a sentence to a bad conduct discharge, that convening authority's staff judge advocate or legal officer shall, except as provided in subsection (c) of this rule, forward to the convening authority a recommendation under this rule.

R.C.M. 1106(c)(2):

*When the convening authority has a legal officer but wants the recommendation of a staff judge advocate.* If the convening authority has a legal officer but no staff judge advocate, the convening authority may, as a matter of discretion, request designation of a staff judge advocate to prepare the recommendation.

The term "legal officer" is unique to the Naval Service and the Coast Guard and is specifically defined in Article 1(12), UCMJ, 10 U.S.C. § 801(12), to be "any commissioned officer of the Navy, Marine Corps or Coast Guard designated to perform legal duties for a command." Neither the Code nor the MCM, 1984, make provision for how such designation is to be administratively accomplished. We assume that the designation would be an act of command prerogative, differing in no respect from the inherent and traditional authority of a commanding officer to designate other specific duties to the officer complement of his command. It can be further concluded that one designated as a command "legal officer" does not possess those legal qualifications possessed of one denoted as "judge advocate" in Article 1(13), UCMJ.

A rigid reading of the pertinent provisions would suggest that a convening authority who has designated an officer of his command to perform the duties of legal officer must either (1) obtain the R.C.M. 1106(a) recommendation from that legal officer, or (2) take explicit steps to request that an SJA or judge advocate—arguably of any command, and, thus, not necessarily within the chain of command of that convening authority—prepare the recommendation, such request implicitly operating to negate the R.C.M. 1106(a) duty of the des-ignated command legal officer. No other fair reading of these provisions can be admitted. Under a rigid reading of the law in the instant case, therefore, it would be concluded that, *if* the convening authority did not "request designation of (the) staff judge advocate to prepare the recommendation", error has occurred. Such conclusion, however, does not end, but merely begins, the inquiry.

As noted above, appellate defense counsel moved this Court to order production of the documentation which would evidence the request for designation. We can assume that, in the absence of such documentation, the motion could have extended to asking this Court to issue an order for production of an affidavit of the convening authority wherein would be recited the fact of such request for designation as either being, or not being, tendered.

The primordial reason for amending Article 60(d), UCMJ, in the Military Justice Act of 1983, was to relieve the convening authority of the responsibility of conducting a post-trial *legal* review of specific courts-martial convictions. There concomitantly existed the purpose to completely change the nature of the SJA review which had become so cumbersome a document that, rather than effectuating the original intent of providing concise legal advice to the convening authority, it became too unwieldy for efficient and intelligent use and, in many cases, became the focus of appellate litigation even though no errors had occurred during the trial proper. In submitting the change to Article 60(d), the Committee on Armed Services of the Senate recommended that the SJA review consist of a "concise written communication" to assist the convening authority in exercising his command prerogatives relating to sentence and clemency, that it *not* be a legal review of the court-martial proceedings, and that the President prescribe, within the MCM, the specific form and content of the SJA recommendation. *See* S.Rep. No. 98–53, 98th Cong., 1st Sess. 20 (1983). Congress enacted the amendment to Article 60(d) in consonance with the views and

recommendations of the Committee and the President promulgated R.C.M. 1106(d), wherein the purpose, form and content of the SJA recommendation were set forth. Obvious from a reading of the legislative history of Article 60(d) and R.C.M. 1106(d) is that, but for the *recommendation* as to action to be taken on the sentence by the convening authority, the information required to be addressed to the convening authority consisted strictly of matters already of record—not matters requiring, by their nature, a legal advisor's opinion.

■■■■ The promulgation of the MCM, 1984, also revealed changes, in conformance with the Military Justice Act of 1983, affecting the matters which by law were required to be appended to the record of trial. These matters are listed in R.C.M. 1103(b)(3), and made applicable to special courts-martial involving a bad conduct discharge by R.C.M. 1103(c)(1). Nowhere in that listing of necessary attachments is to be found any requirement for including evidence of a request by a convening authority for designation of an SJA to prepare the post-trial recommendation. Its omission from the matters delineated is clear evidence that such is not required. We shall not legislate and engraft such a requirement on R.C.M. 1103(b)(3). Thus, in any record of trial reviewed by this Court which contains a R.C.M. 1106(a) recommendation—whether performed by a command legal officer or a SJA or judge advocate of any command—and a convening authority action, we shall, absent evidence to the contrary, apply the presumption of regularity which attends the official acts of the convening authority and conclude that R.C.M. 1106(c) was complied with and that the convening authority properly exercised his discretion in that regard. Even without the presumption, the subsequent action of a convening authority after receiving an R.C.M. 1106(a) recommendation clearly represents an adoption of the manner or mechanism by which the SJA recommendation was obtained, for, if the convening authority has the discretion to tender a request for such service, he also has the discretion to

reject a proffered recommendation from one from whom he does not desire advice.

■■■■ Assume, *arguendo,* that neither the presumption of regularity nor the theory of adoption can be applied under the extant circumstances. We have previously stated, *arguendo,* that, absent a request for the services of a—any—SJA or judge advocate, the command legal officer (non-lawyer) must prepare the recommendation. In concert with the above assumption, further assume, *arguendo,* that error occurred in this case. The setting aside of the 1106(a) recommendation and the action of the convening authority based thereon does not necessarily follow. Concepts of general prejudice, without regard to actual and specific prejudice, no longer obtain in military law. *See United States v. Remai,* 19 M.J. 229 (C.M.A.1985); *United States v. Jerasi,* 20 M.J. 719 (NMCMR 1985) (en banc). *See also* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

■■■■ In determining the existence of specific prejudice in a case, it is essential to consider the evidence of same submitted by the individual appellant. *United States v. Skaar, supra.* In this case, we have bare assertion, but no offer or evidence, of prejudice. It is also appropriate to consider the nature of the 1106(a) recommendation. As stated above, it is no longer a review for legal errors. Further, the action of the convening authority is no longer part of the appellate *legal* review process, but is merely the traditional command prerogative to, in that authority's sole discretion, act on the sentence. Thus, the nature of both the review and the convening authority's action indicate that the real concern is not *who* prepared the recommendation, but only that a recommendation by someone statutorily designated or qualified be obtained. While an accused has a military due process right to have the post-trial action of the convening authority guided by an R.C.M. 1106(a) recommendation prepared by a statutorily qualified officer, he has no military due process right to have it done by a specific individual. Such designation is a matter committed solely to the discre-

tion of the convening authority, as long as the designee is the command legal officer or an SJA or judge advocate.

 Further, in determining prejudice, both for this case and as a general proposition, we also look to R.C.M. 1106(d)(4). That rule iterates what we have previously stated—the 1106(a) recommendation is not a review for legal error. However, provision for such review is made—but only by a SJA or judge advocate. A legal officer is under neither obligation nor duty, by 1106(d)(4)—and properly so—to make recommendations concerning legal error, even if such an issue is raised by the matters submitted under R.C.M. 1105 or is plain upon the record. This is to be contrasted with the duty required of a staff judge advocate by 1106(d)(4). While we would not concur with the basic premise of such a claim, we can only find legitimacy in a claim of prejudice which asserts that, because legal errors raised or made plain by the record are not required to be reviewed by a legal officer, an appellant is prejudiced by the absence of such a legal review due to the strict operation of 1106(a) and (d)(4), when read together. It is the antithesis of reason to suggest that an accused is prejudiced because his case is reviewed by an attorney, who has the authority and responsibility to tender legal advice to the convening authority on errors raised by that accused, rather than by an officer who is not a lawyer, who is statutorily not required to so act. This suggests the Congressional preference—though not the requirement—for the 1106(a) recommendation to be prepared by a lawyer. *See also* Appendix 21, R.C.M. 1106(c), MCM, 1984. The intent of Congress was to create a post-trial mechanism adaptable to the needs of the various services. Such adaptability can only be achieved if R.C.M. 1106(c)(2) is read as fostering a flexible—not a restrictive—intent. But for the circumstances where the SJA recommendation reads as though compliance with the advice offered is mandatory, thereby attempting to override, invade and nullify the discretion of the convening authority, we cannot imagine a situation where an ac-

cused would be prejudiced by having his case reviewed by a lawyer rather than a layman. In this case, as in every case reviewed by this Court which has raised this issue, the SJA recommendation is specific in delineating that it is the convening authority who has the sole discretion to act on the sentence and that, if in disagreement with the recommendation, an action will be drafted to reflect the decision of the convening authority—not the opinion of the SJA or judge advocate.

As noted above, it was the intent of Congress to create Article 60(d) as a flexible, not a restrictive procedure. It is to state the obvious that a unit, such as USS MCKEE, cannot establish an administrative procedure for effectuating the purpose of that Article which would have applicability beyond and above that command. Simplicity in the post-trial review process requires simplicity—and perhaps even uniformity—in the administration of that process. Such is facilitated if a superior authority makes available his legal resources or those of a component commander to subordinate commands as a matter of policy. We would find such positive action both exemplary and conceptually in accord with the reason for the existence of the various military legal corps—to provide effective legal services to the fleet and field. If the subordinate convening authority prefers his legal officer to prepare the 1106(a) recommendation, disapproves of the SJA performing the review function or the manner in which it is performed, or disagrees with that SJA's recommendation, the convening authority has the sole discretion to disregard or refuse to accept the SJA recommendation or to otherwise request a qualified officer to review the case prior to an SJA doing so—as long as a recommendation under R.C.M. 1106(a) is obtained from a statutorily qualified officer.

For the reasons enumerated above, we find that appellant was not prejudiced *if, as claimed*, the R.C.M. 1106(a) recommendation was obtained in technical violation of R.C.M. 1106(c)(2). Absent such prejudice, the assignment of error is rejected.

Accordingly, the findings and sentence as approved on review below are affirmed.