*592 OPINION OF THE COURT
CREAN, Senior Judge:
Contrary to her pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of making and submitting a false claim in violation of Article 132, Uniform Code of Military Justice, 10 U.S.C. § 932 (1988) [hereinafter UCMJ], The convening authority approved the adjudged sentence of confinement for two years.
The appellant contends that she is entitled to a new staff judge advocate recommendation. Her allegation relies on a recent opinion of this court holding that a recommendation of the staff judge advocate pursuant to Rule for Courts-Martial 1106 [hereinafter R.C.M.] prepared by a staff judge advocate not on the staff of the convening authority was error. United States v. Gavitt, 37 M.J. 761 (A.C.M.R.1993). The government, also relying on our opinion in Gavitt, has conceded error and urges a new recommendation. However, we hold that while there was error in the preparation of the staff judge advocate’s post-trial recommendation, that error was waived and we affirm.
The appellant was a prisoner serving a court-martial sentence at Fort Riley, Kansas. After her first court-martial, the appellant’s personal property was shipped by her unit to her home of record. Only three of the four boxes shipped arrived at her home of record. The appellant submitted a claim to the Office of the Staff Judge Advocate, Fort Riley, Kansas, for property lost in the missing box. The staff judge advocate’s claims personnel determined that the appellant had submitted a false claim and recommended action against the appellant. This present court-martial, convened by the Commander of the 1st Infantry Division (Mech) and Fort Riley as the general court-martial convening authority, was a result of the recommendation from the claims office.
Upon completion of the trial, the Staff Judge Advocate, Fort Riley, Kansas, prepared the recommendation of the staff judge advocate required by R.C.M. 1107. In his response under R.C.M. 1106, the trial defense counsel alleged that since the claims personnel working for the Fort Riley Staff Judge Advocate initiated the charges against the appellant, the Fort Riley Staff Judge Advocate was disqualified from preparing the recommendation to the convening authority.
The Fort Riley Staff Judge Advocate determined that he was not disqualified but nevertheless decided it was best for a different staff judge advocate to prepare the recommendation.[1] He requested the Staff Judge Advocate, Fort Leavenworth, Kansas, to prepare a recommendation under R.C.M. 1106 for the convening authority at Fort Riley. The Fort Leavenworth Staff Judge Advocate prepared the recommendation and forwarded it to the trial defense counsel for comment under R.C.M. 1106. This recommendation was on plain paper with no letterhead but did have the office symbol of the Fort Leavenworth Staff Judge Advocate. The recommendation stated that:
This is a general court-martial convened by you as the Commander, 1st Infantry Division (Mechanized) and Fort Riley, Kansas. The Staff Judge Advocate, 1st Infantry Division requested that the Staff Judge Advocate, Fort Leavenworth, conduct an R.C.M. 1106 review in this case in order to preclude any actual or apparent conflict of interest or perception of unfairness associated with the circumstances of this case.
In his response, the trial defense counsel adopted the comments he had made to the recommendation of the Fort Riley Staff Judge Advocate specifically stating that:
2. The defense expresses appreciation to the Fort Riley Staff Judge Advocate for recognizing the appearance of impropriety created by his post trial review.
3. The remedy employed appears to have solved the conflict raised in paragraph 3 of the defense submissions dated 23 November 1992.
The Fort Leavenworth Staff Judge Advocate prepared an addendum addressing the issues *593 raised by the trial defense counsel and forwarded the entire packet to the Fort Riley Staff Judge Advocate for submission to the Fort Riley convening authority. The convening authority at Fort Riley then took action on the case.
The staff judge advocate of the convening authority must prepare the post-trial recommendation. UCMJ, art. 60(d); R.C.M. 1106(a); United States v. Wilson, 16 M.J. 581 (A.C.M.R.1983); Gavitt, 37 M.J. at 763 (and cases cited therein). If the staff judge advocate of the convening authority is disqualified from preparing the post-trial recommendation, the convening authority shall 1) request assignment of a staff judge advocate to review the record of trial and prepare a written opinion, or 2) forward the record for action to an officer exercising general court-martial jurisdiction. R.C.M. 1106(c)(1). There are no procedures established for a convening authority to request assignment of a staff judge advocate or for forwarding the record of trial to a different convening authority.
In Wilson, we determined that a post-trial recommendation of the Staff Judge Advocate of the United States Army Berlin prepared for the Commander of the 2d Armored Division (Forward) was the recommendation of an interloper and could not be adopted or acted on by the Commander of the 2d Armored Division (Forward). That holding was based on a determination that a convening authority has no authority to unilaterally assign the post-trial recommendation requirement to the staff judge advocate of another convening authority. Since there is no authority to assign work to the staff judge advocate then the recommendation of that staff judge advocate cannot be adopted.
In Gavitt, we found that the 3d Infantry Division Staff Judge Advocate, who prepared the post-trial recommendation, was not the staff judge advocate of the convening authority, the Commander of the Berlin Brigade. That recommendation was prepared on the letterhead stationery of the 3d Infantry Division, using the office symbol of the 3d Infantry Division Staff Judge Advocate with no reason cited for the 3d Infantry Division Staff Judge Advocate’s preparation of the recommendation. Thus, the 3d Infantry Division Staff Judge Advocate was not the staff judge advocate of the convening authority.
This case is similar to both Wilson and Gavitt. The Fort Riley Staff Judge Advocate made the request directly to the Fort Leavenworth Staff Judge Advocate. The convening authorities at both Fort Riley and Fort Leavenworth were not involved in the decision. It was strictly a staff judge advocate to staff judge advocate arrangement. The Fort Riley convening authority did not know of the arrangement until he was presented with a completed action. We find that the Fort Leavenworth Staff Judge Advocate was not the staff judge advocate of the Fort Riley convening authority. We hold that there was error in the post-trial processing because the post-trial recommendation was not prepared by the staff judge advocate of the Fort Riley convening authority and the Fort Riley convening authority could not ratify the arrangement.
Even though we have found error, we hold that the error was consciously and deliberately waived. In both Wilson and Gavitt, the majority determined that the error could not be waived. Senior Judge De Giulio in dissenting in Gavitt would have invoked waiver. We agree that the error of the wrong staff judge advocate preparing the R.C.M. 1106 recommendation can be waived. See R.C.M. 1106(f)(6); United States v. Mar-tinsmith, 37 M.J. 665, 666 (A.C.M.R.1993). The comments of the trial defense counsel that the issue was resolved by the Fort Leavenworth Staff Judge Advocate preparing the recommendation was the intentional relinquishment or abandonment of a known right and was therefore waiver. United States v. Olano, — U.S.-,-, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).
There seems to be some confusion as to the procedures to follow if the staff judge advocate is disqualified from preparing the post-trial recommendation. Under those circumstances, it is clear that the convening authority has the option of forwarding the case to another convening authority for action or requesting the assignment of another *594 staff judge advocate. R.C.M. 1106(c)(1). The confusion seems to be over how to request the assignment of another staff judge advocate to prepare the recommendation. The convening authority may request another convening authority to make his staff judge advocate available or he may request the Judge Advocate General to assign a staff judge advocate for the limited purpose of preparing the post-trial recommendation. Informal coordination can be made between staff judge advocates for convening authorities and the Judge Advocate General but the actual request must be made by the convening authority. The record of trial should contain the documents to verify the proper arrangement.
We have carefully considered the other issues raised by the appellant both through counsel and pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and find them without merit.
The findings of guilty and the sentence are affirmed.
Judge MORGAN and Judge GONZALES concur.

. We do not need to determine if the staff judge advocate was indeed disqualified under the circumstances of this case.