**UNITED STATES, Appellee,**

v.

**Brian H. HENSLEY, Sonar Technician (Surface) Seaman, U.S. Navy, Appellant.**

No. 99–0111.
Crim.App. No. 98 0225.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 10, 1999.

Decided March 22, 2000.

---

GIERKE, J., delivered the opinion of the Court, in which CRAWFORD, C.J., and COX, S.J., joined. SULLIVAN, J., filed a dissenting opinion, in which EFFRON, J., joined. EFFRON, J., filed a dissenting opinion.

For Appellant: *Lieutenant M. Eric Eversole,* JAGC, USNR (argued); *Lieutenant Commander R.C. Klant,* JAGC, USN (on brief).

For Appellee: *Lieutenant Danette L. Walker,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, and *Commander Eugene E. Irvin,* JAGC, USN (on brief); *Major Troy D. Taylor,* USMC.

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of attempted larceny and larceny, in violation of Articles 80 and 121, Uniform Code of Military Justice, 10 USC §§ 880 and 921, respectively. The adjudged and approved sentence provides for a bad-conduct discharge, confinement and forfeitures for 3 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed.

Our Court granted review of the following issue:

WHETHER THE LOWER COURT ERRED IN FINDING THAT IT WAS NOT PLAIN ERROR FOR THE POST-TRIAL RECOMMENDATION IN APPELLANT'S CASE TO BE PREPARED BY A "COMMAND SERVICES OFFICER" WHO WAS NEITHER THE CONVENING AUTHORITY'S STAFF JUDGE ADVOCATE NOR HIS LEGAL OFFICER.

For the reasons set out below, we affirm.

*Factual Background*

Appellant's court-martial was convened by the commanding officer of the USS JOHN PAUL JONES. The ship's legal officer asked Lieutenant (LT) Kevin Stampher, Command Services Department Head at the

Trial Service Office West, based in San Diego, California, to prepare the post-trial recommendation. LT Stamper is a qualified legal officer.

LT Stamper prepared a post-trial recommendation and submitted it to the convening authority. He signed his own name and identified the document as coming from "Command Services Officer, Trial Service Office West." The defense was served with the post-trial recommendation and did not object to having it prepared by LT Stamper instead of the ship's legal officer. Defense counsel did, however, point out to LT Stamper that he had neglected to mention appellant's petition for clemency. LT Stamper then submitted an addendum to his recommendation and served a copy on the defense counsel, again identifying himself and his organization in the same manner as in the post-trial recommendation. Again, defense counsel did not challenge LT Stamper's authority.

The record is silent on the involvement of the convening authority in obtaining the assistance of LT Stamper. It does not reflect whether the ship's legal officer was directed to request that LT Stamper prepare the post-trial recommendation, or whether the request was with the knowledge or approval of the convening authority. During oral argument, however, appellate government counsel conceded that LT Stamper was not formally designated by competent authority to act as legal officer in this case. Because LT Stamper identified himself and his organization, it is evident that the convening authority knew the source of the post-trial recommendation and chose to rely on it.

### Discussion

Appellant now asserts that LT Stamper was statutorily unqualified to prepare and submit the post-trial recommendation, because he was not the convening authority's legal officer. The Government does not directly contest the holding of the court below that it was error for LT Stamper to prepare and submit the post-trial recommendations. The Government argues that any error falls short of plain error and, thus, was waived by

appellant's failure to object to the authorship of the post-trial recommendation.

Article 60(d), UCMJ, 10 USC § 860(d) (1983), requires that the convening authority "obtain and consider the written recommendation of *his* staff judge advocate or legal officer." (Emphasis added.) RCM 1106(c)(1), Manual for Courts–Martial, United States (1995 ed.),* provides in pertinent part as follows:

> If the convening authority does not have a staff judge advocate or legal officer, or if the person serving in that capacity is disqualified under subsection (b) of this rule or otherwise, the convening authority shall:
>
> (A) Request the assignment of another staff judge advocate or legal officer to prepare a recommendation under this rule; or
>
> (B) Forward the record for action to any officer exercising general court-martial jurisdiction as provided in RCM 1107(a).

Neither Article 60 nor RCM 1106 requires that the convening authority's request for designation of another staff judge advocate or legal officer be in writing or personally communicated by the convening authority.

The granted issue is a question of first impression for this Court. However, the Army and Navy courts have addressed the issue, with opposite results. In *United States v. Sparks,* 20 MJ 985 (NMCMR 1985), the court-martial was convened by the commanding officer, USS MCKEE, who had a legal officer assigned to his ship. For reasons not disclosed in the record, the post-trial recommendation was prepared by the staff judge advocate (SJA) for the Commander Submarine Squadron Three (COMSUBRONTHREE). The Navy–Marine Corps Court of Military Review applied the presumption of regularity and denied a motion from appellate defense counsel to produce the document requesting the SJA of COMSUBRONTHREE to prepare the post-trial recommendation. Having presumed that the convening authority had properly requested the SJA of COMSUBRONTHREE to act in place of his legal officer, the Navy court also tested for prejudice and found none.

* The 1998 version of this rule is unchanged.

In *United States v. Gavitt,* 37 MJ 761 (ACMR 1993), the SJA, Berlin Brigade, was disqualified because he had engaged in an *ex parte* communication with several members of the court-martial. He informally arranged to have the SJA, 3d Infantry Division, prepare the post-trial recommendation. There was no evidence that the convening authority sanctioned this arrangement. The Army court declined to apply the presumption of regularity and did not test for prejudice. It ordered a new post-trial recommendation and action.

In *United States v. Hall,* 39 MJ 593 (ACMR 1994), the Army court again found error when the wrong SJA prepared the post-trial recommendation. The SJA, Fort Riley, Kansas, prepared the post-trial recommendation and served it on the defense. The defense alleged that the Fort Riley SJA was disqualified because a subordinate of the SJA had initiated the charges. The Fort Riley SJA requested the SJA, Fort Leavenworth, Kansas, to prepare the post-trial recommendation. Like *Gavitt,* the case was informally transferred by agreement between the two SJAs involved, without involving the convening authorities. Unlike *Gavitt,* however, the court in *Hall* found that the error was "consciously and deliberately waived." *Id.* at 595. The court found waiver based on comments from the trial defense counsel after being served with the Fort Leavenworth SJA's recommendation, where defense counsel commented that the disqualification of the Fort Riley SJA was resolved by having another SJA prepare the recommendation.

Because the Government has conceded error in the case before us, we need not decide whether the presumption of regularity invoked by the Navy court in *Sparks* should be applied. We turn instead to the question whether the conceded error amounts to plain error. *See United States v. Powell,* 49 MJ 460, 463–65 (1998). The error was obvious, because LT Stamper clearly identified himself as someone other than the ship's legal officer. The key question is whether the error materially prejudiced a substantial right.

Article 60(d) gives an accused the right to a recommendation prepared by a qualified officer. *Cf. United States v. Finster,* 51 MJ 185 (1999). Article 60(d) does not, however, give an accused a right to a recommendation from a specific individual. RCM 1106(c)(1) gives a convening authority the option to request the assignment of another SJA or legal officer for a specific case, or to forward the record to another convening authority. RCM 1106(c)(1) does not require the consent of the accused.

Once competent authority designates a substitute SJA or legal officer, that officer becomes the convening authority's SJA or legal officer within the meaning of Article 60(d). Thus, a post-trial recommendation from someone other than the ship's legal officer does not materially prejudice a substantial right, because an accused does not have a right to a recommendation from that officer. Accordingly, we conclude that the irregular designation of LT Stamper as legal officer for appellant's case did not materially prejudice a substantial right. We hold, therefore, that the error conceded by the Government does not rise to the level of plain error.

We note also that this case involves more than a passive waiver. Defense counsel not only did not object to LT Stamper submitting the post-trial recommendation, he affirmatively interacted with him, calling appellant's clemency petition to his attention. LT Stamper responded by submitting an addendum to the convening authority and serving a copy on defense counsel. Defense counsel again did not avail himself of the opportunity to challenge LT Stamper's authority to submit the addendum. Thus, this case presents a situation more akin to the affirmative waiver found by the Army court in *Hall.*

Finally, even assuming *arguendo* that there was plain error, we are satisfied that appellant was not prejudiced as to result. Because LT Stamper was qualified as a legal officer, we are not faced with the same error as in *Finster.* There is nothing in the record suggesting, and appellant does not assert, that there was any forum shopping or

other manipulation of the process authorized by RCM 1106(c) to influence the content of the recommendation. The post-trial recommendation and addendum, considered together, are legally correct. The recommendation was prepared by an officer of greater experience than the ship's legal officer. Appellant's requests for deferment and clemency were properly presented to the convening authority. As appellant has made no "colorable showing" that he would have received a more favorable recommendation from the ship's legal officer, there was no potential for prejudice for the Government to rebut. *See United States v. Wheelus*, 49 MJ 283 (1998). Accordingly, we conclude that appellant is not entitled to relief.

## Decision

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge, with whom EFFRON, Judge, joins (dissenting):

Article 60(d), UCMJ, 10 USC § 860(d) (1983), states that "the convening authority or other person taking action under this section shall obtain and consider the written recommendation of *his* staff judge advocate or legal officer." (Emphasis added.) A majority of this Court is now effectively attempting to rewrite Article 60(d) by allowing *any* nonlawyer "legal officer" to prepare the recommendation. RCM 1106(c), Manual for Courts–Martial, United States (1995 ed.), applies to situations in which a convening authority has no staff judge advocate or legal officer, or where such person is disqualified from advising the convening authority due to his or her previous involvement in the case. It is not a blanket authorization to the convening authority to allow *any* "legal officer" to prepare the recommendation.

Article 60(d) is violated in this case because the recommendation was not prepared by the convening authority's legal officer, but was prepared by some other nonlawyer legal officer. The government concedes this error. Accordingly, *United States v. Finster*, 51 MJ 185, 188 (1999), mandates that this case

should be reversed and remanded for a new staff judge advocate recommendation that is in compliance with Article 60(d).

The majority has given no reason why this Court should not be bound by *Finster* in this case. Both cases are remarkably similar. In both *Finster* and this case, there was a post-trial recommendation made by a *nonlawyer designated as a legal officer*. In fact, in *Finster*, the designated "legal officer" (it should be noted that he was an enlisted noncommissioned officer) was an honors graduate of the Naval Justice School's Legal Officer Course. *United States v. Finster, supra;* appellant's final brief at 2. Furthermore, in *Finster*, just as in this case, there was no objection to the post-trial recommendation. Comparing both *Finster* and the case at bar, the core issue which emerges is: Was appellant prejudiced by the post-trial recommendation prepared by a person unqualified under Article 60(d)?

In *Finster*, this Court answered that question by holding that the nonlawyer who was functioning as a legal officer was unqualified under the UCMJ and that his preparation of the post-trial recommendation was a "fundamental flaw." 51 MJ at 186–88. In the case at bar, the question (on the prejudice of an unqualified person preparing the recommendation) should similarly be answered in the affirmative. The nonlawyer "legal officer" here was unqualified because he was not *the legal officer of the convening authority*. *See also Cooke v. Orser*, 12 MJ 335, 344 (CMA 1982) (Congress intended special relationship between commander and his staff judge advocate). In both *Finster* and in this case, a nonlawyer, unqualified under the plain wording of the UCMJ, gave the post-trial recommendation. In *Finster*, this Court gave relief. The same result should be followed here. Accordingly, I dissent.

EFFRON, Judge (dissenting):

I agree with Judge Sullivan's dissent and offer the following additional views.

As indicated in the majority opinion, both parties agree that it was error to have appellant's post-trial recommendation prepared by a "command services officer" who was nei-

ther the convening authority's staff judge advocate (SJA) nor his legal officer. In this case, as in *United States v. Finster*, 51 MJ 185 (1999), the erroneous use of a statutorily unqualified person to prepare the post-trial recommendation requires a remand to the convening authority for a new recommendation and action.

Article 60(d), UCMJ, 10 USC § 860(d) (1983), requires the convening authority to "obtain and consider the written recommendation of *his* staff judge advocate or legal officer." (Emphasis added). The express language of the statute indicates that Congress contemplated that there would be a command-staff relationship between the convening authority and "his" legal advisor. As discussed in *Finster*, although the Military Justice Act of 1983 streamlined the post-trial process, *see* 51 MJ at 186, Congress emphasized the continuing importance of the post-trial recommendation prepared by the convening authority's SJA or legal officer. Although the 1983 Act eliminated the requirement for a lengthy legal review of the record, Congress continued to expect the post-trial recommendation to reflect the legal advisor's discretion, judgment, and knowledge.

During hearings before a subcommittee of the Senate Armed Services Committee, the General Counsel of the Department of Defense highlighted the fact that the SJA or legal officer, as the convening authority's senior advisor on military justice matters, would be the person best qualified to make a recommendation to the convening authority as to how he should exercise his powers. *See id.* at 187, quoting *Hearings on S. 2521 Before the Subcomm. on Manpower and Personnel of the Senate Armed Services Comm.*, 97th Cong., 2d Sess. 87 (1982) (response by Mr. Taft to question from Senator Exon). In its report on the legislation, the Senate Armed Services Committee emphasized the importance of the relationship between the convening authority and his legal advisor by stating that the post-trial recommendation would still be provided "by the convening authority's principal advisor on military justice matters." *Id.*, quoting S.Rep. No. 53, 98th Cong., 1st Sess. 20 (1983), U.S.Code Cong. & Admin.News 1983, p. 2177.

The relationship between the convening authority and his or her legal advisor has been an important feature of the UCMJ since its enactment in 1951. Article 6(a), UCMJ, 10 USC § 806(a), places the assignments of all judge advocates and legal officers under the control of the Judge Advocate General of the armed force of which they are members. In 1951, then-Major Kenneth J. Hodson, an authoritative commentator on the UCMJ and the Manual for Courts–Martial, United States, 1951, noted that Article 6(a) contemplated that the Judge Advocate General would assign judge advocates and legal officers that possess the basic qualifications and characteristics necessary to form a confidential and advisory relationship with the convening authority. *See* Legal and Legislative Basis, Manual, *supra* at 137–40 ("The Staff Judge Advocate and Legal Officer"). According to Hodson, the relationship with the SJA or legal officer as trusted advisor would facilitate decisions being made by the convening authority on matters of military justice. *Id.*

Other provisions of the UCMJ underscore the significance of the relationship between the convening authority and his SJA or legal officer. Article 6(b) requires the convening authority to communicate directly with his or her SJA or legal officer in matters relating to military justice. According to Major Hodson, "[a]rticle 6(b) not only authorizes direct communication within military justice channels but also enhances the position of judge advocates and legal officers by requiring direct communication on military justice matters between such officers and their commanding officers." *Id.* at 138. Art. 6(b) also authorizes the SJA or legal officer to communicate with the SJA or legal officer of superior or subordinate commands. In sum, Articles 6 and 60 confer a special status on the legal advisor, both in terms of his or her relationship with the convening authority and within the chain of command.

As the majority points out, there are certain circumstances in which a substitute SJA or legal officer from another command may be assigned to prepare the post-trial recom-

mendation, but such action is permissible only in cases where the convening authority actually requests such assistance under particular circumstances. RCM 1106(c)(1), Manual for Courts–Martial, United States (1998 ed.). Once the convening authority designates a substitute SJA or legal officer, that officer becomes the convening authority's SJA or legal officer within the meaning of Article 60(d). These provisions do not permit a command legal officer to arrange informally for another officer outside the chain of command to prepare the post-trial recommendation.

In the present case, the post-trial recommendation was prepared by LT Stampher, an officer on limited duty temporarily assigned to the Trial Service Office West as a "Command Service Officer". The Government conceded during oral argument that LT Stampher was not formally designated by competent authority to act as the legal officer in this case. The Government acknowledged that the convening authority's legal officer asked LT Stampher to prepare the post-trial recommendation because the legal officer did not know how to properly prepare the document. Rather than asking for assistance or for the convening authority to refer the case to a qualified legal officer, the legal officer took it upon himself to ask LT Stampher to prepare the document for the convening authority.

The Government contends that "[h]ad the command's legal officer known how to prepare the recommendation it would have been identical in every respect except its authorship." Answer to Final Brief at 7. Therein lies the fundamental problem with this case. The post-trial recommendation is not simply a fill-in-the-blank form that anyone can complete by inserting personnel data. It is statutorily designated as a "recommendation." As such, it must reflect an exercise in discretion, judgment, and reason by the person designated to serve as the convening authority's advisor on military justice matters. The Government's assumption that recommendations written by two different people—exercising their own discretion, judgment, and reason—would necessarily produce identical recommendations demonstrates a fundamen-

tal misunderstanding as to the very purpose of a post-trial recommendation. As the Court of Criminal Appeals said in *United States v. Cunningham*, "The recommendation is much more than a ministerial action or mechanical recitation of facts concerning the trial. Its heart and soul exist in the judgment of the drafter...." 44 MJ 758, 763 (N.M.Ct.Crim.App.1996).

The Government suggests that appellant benefited from the fact that the designated legal officer did not prepare the recommendation because he "was unsure how one should be drafted." Answer to Final Brief at 7. In other words, appellant should feel grateful that the recommendation was prepared by an unqualified nonlawyer rather than an incompetent nonlawyer. Considering the fact that only the seagoing services are permitted to use nonlawyers to prepare post-trial recommendations, *see* Arts. 1(12) and 60(d), there is no excuse for permitting a servicemember's case to be reviewed by a nonlawyer who is either unqualified or incompetent.

As this Court indicated in *United States v. Curry*, Congress afforded the flexibility of using nonlawyers to the naval services because many "special courts-martial are convened by commanders of vessels and deployed units to which a staff judge advocate is not assigned; and for them it may be difficult and time-consuming to arrange for the record of trial to be examined by a lawyer." 28 MJ 419, 422 (CMA 1989). This exception, however, did not contemplate that the seagoing services would fail to properly train its nonlawyer legal officers to perform these critical functions, or that they would permit these officers to designate unqualified persons to do so.

As we held in *Finster*, and as the Navy–Marine Corps Court correctly noted in *Cunningham*, the use of a statutorily unqualified person to prepare the post-trial recommendation

> strikes at the core of the integrity and reputation of military justice in the naval service.... [E]very appellant in the naval service should be able to expect that as a matter of fairness, his or her case will be

reviewed by and have a post-trial recommendation from a statutorily qualified officer.

51 MJ at 188, quoting *Cunningham, supra* at 764. Appellant is entitled to the same expectation in this case. *See Finster, supra* at 189 ("appellate court[s] ... do not have to accept incomplete or sloppy work. I would never require a showing of 'prejudice' before sending a case back to a convening authority to fix administrative errors in the record.") (Cox, C.J., concurring).

In accordance with the Code and applicable case law, I would reverse the decision of the United States Navy–Marine Corps Court of Criminal Appeals and order a new convening authority's action and recommendation by his own legal officer.